IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 20-4043 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT J. BOE & | ) |
| & MARY P. ATKINS BOE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## UNITED STATES' COMPLAINT

Plaintiff, the United States of America, for its complaint alleges as follows:

1. This is a civil action in which the United States seeks to:

    a. Reduce to judgment assessments made against Robert J. Boe and Mary P. Atkins Boe for unpaid federal income tax liabilities;

    b. Reduce to judgment assessments made against Mary P. Atkins Boe for unpaid unemployment tax liabilities; and

    c. Reduce to judgment assessments made against Mary P. Atkins Boe for unpaid employment tax liabilities.

### Authorization

2. This action has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the United States Attorney General pursuant to 26 U.S.C. § 7401.

1

**Jurisdiction and Venue**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

**Parties**

5. Plaintiff is the United States of America.

6. Defendant Robert J. Boe is located within this judicial district and is named in Count I of this complaint.

7. Defendant Mary P. Atkins Boe is located within this judicial district and is named a defendant to Counts I, II, and III of this complaint.

**COUNT I: REDUCE TO JUDGMENT FEDERAL INCOME TAX ASSESSMENTS AGAINST ROBERT J. BOE AND MARY P. ATKINS BOE**

8. The United States incorporates by reference paragraphs 1-7 of this complaint

9. Defendants Robert J. Boe and Mary P. Atkins Boe (collectively "the Boes") are a married couple who reside in Sioux Falls, South Dakota.

10. For tax years 2012, 2013, 2014, and 2015, the Boes filed joint federal income tax returns (Form 1040), but failed to pay the taxes they reported by owed.

11. For tax years 2013, 2014, and 2015, the Boes filed their joint federal income tax returns late.

12. <u>For tax years 2012, 2013, 2014, and 2015</u>, a delegate of the Secretary of the Treasury made assessments against Robert J. Boe and Mary P. Atkins Boe for federal income taxes (Form 1040), penalties, and interest.

13. The amount due for the 2012, 2013, 2015, and 2015 federal income tax assessments (with interest, penalties, and any statutory additions to tax) is **$70,354.58 as of January 31, 2020.**

14. The assessments identified in paragraph 12 above were made in accordance with law.

15. Interest and statutory additions will continue to accrue on the amounts owed the United States until the balance is paid in full.

16. Notices of the assessments referred to in paragraph 12 and demands for payment, were made on or about the dates of assessment. Despite notices of the assessments and demands for payment, Robert J. Boe and Mary P. Atkins Boe have failed to pay over the liabilities set forth in paragraph 13.

17. As a result, Robert J. Boe and Mary P. Atkins Boe are indebted to the United States for unpaid income taxes, penalties, and interest totaling $70,354.58 as of January 31, 2020, plus interest and other statutory additions as allowed by law that have accrued, and will continue to accrue, until paid in full.

WHEREFORE, the United States requests that the Court:

A. Enter judgment on Count I of this complaint in favor of the United States and against Robert J. Boe and Mary P. Atkins Boe for $70,354.58, with interest and statutory additions that have accrued since January 31, 2020, and will continue to accrue according to law; and

B. Grant the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper.

## COUNT II: REDUCE TO JUDGMENT UNEMPLOYMENT TAX ASSESSMENTS AGAINST MARY P. ATKINS BOE

18. The United States incorporates by reference paragraphs 1-5 & 7 of this complaint.

19. From at least 2005 until June 2017, Mary P. Atkins Boe conducted business as the sole proprietor of Twice Nice Clothing Consignment ("Twice Nice"), a consignment store, formerly located in this judicial district.

20. "Mary P. Atkins Boe dba Twice Nice Clothing Consignment" has the EIN ending in 4001.

21. <u>For tax periods in 2005 through 2007</u>, Mary P. Atkins Boe, as sole proprietor of Twice Nice, failed to pay unemployment tax liabilities (Form 940) or file unemployment tax returns, despite having paid sufficient wages requiring her to do so.

22. <u>For tax periods in 2008 through 2015</u>, Mary P. Atkins Boe, as sole proprietor of Twice Nice, failed to pay unemployment tax liabilities (Form 940) and, in January 2017, she filed late Form 940s reporting what she owed.

23. <u>For the tax periods ending December 31, 2005 through December 31, 2015</u>, a delegate of the Secretary of the Treasury made assessments against "Mary Atkins Boe, Twice Nice Clothing Consignment" for Form 940 taxes, plus interest, penalties, and other statutory additions.

24. The amount due for the assessments described in paragraph 24 (with interest, penalties, and any statutory additions to tax) is **$12,985.84 as of January 31, 2020.**

25. The assessments identified in paragraph 24 above were made in accordance with law.

26. Notices of the assessments referred to in paragraph 24, and demands for payment, were given to Mary P. Atkins Boe on or about the date the assessments were made.

27. Despite notices of assessments and demands for payment, Mary P. Atkins Boe has failed to pay over the liabilities set forth in paragraph 25. Interest and statutory additions thereafter provided for by law have accrued on the assessed amounts and will continue to accrue until the liabilities are paid in full.

28. As a result, Mary P. Atkins Boe is indebted to the United States for unpaid unemployment taxes, penalties, and interest totaling $12,985.84 as of January 31, 2020, plus interest and other statutory additions as allowed by law.

WHEREFORE, the United States requests that the Court:

A. Enter judgment on Count II of this complaint in favor of the United States and against Mary P. Atkins Boe for $12,985.84 as of January 31, 2020, with interest and statutory additions that have accrued and will continue to accrue according to law; and

B. Grant the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper.

*(continued on the next page)*

## COUNT III: REDUCE TO JUDGMENT EMPLOYMENT TAX ASSESSMENTS AGAINST MARY P. ATKINS BOE

29. The United States incorporates by reference paragraphs 1-5, 7 & 19-20 of this complaint.

30. <u>For tax periods in 2005 through 2007</u>, Mary P. Atkins Boe, as sole proprietor of Twice Nice, failed to pay employment tax liabilities (Form 941) or file employment tax returns.

31. <u>For tax periods in 2008 through 2017</u>, Mary P. Atkins Boe, as sole proprietor of Twice Nice, failed to pay employment tax liabilities (Form 941) and, in March 2017, she filed late Form 941s reporting what she owed.

32. <u>For the tax periods ending December 31, 2005 through June 30, 2017</u>, a delegate of the Secretary of the Treasury made assessments against "Mary Atkins Boe, Twice Nice Clothing Consignment" for Form 941 taxes, plus interest, penalties, and other statutory additions.

33. The amount due for the assessments described in paragraph 34 (with interest, penalties, and any statutory additions to tax) is **$150,709.01 as of January 31, 2020.**

34. The assessments identified in paragraph 32 above were made in accordance with law.

35. Notices of the assessments referred to in paragraph 32, and demands for payment, were given to Mary P. Atkins Boe on or about the date the assessments were made.

36. Despite notices of assessments and demands for payment, Mary P. Atkins Boe has failed to pay over the liabilities set forth in paragraph 33. Interest and statutory additions thereafter provided for by law have accrued on the assessed amounts and will continue to accrue until the liabilities are paid in full.

37. As a result, Mary P. Atkins Boe is indebted to the United States for unpaid employment taxes, penalties, and interest totaling $150,709.01 as of January 31, 2020, plus interest and other statutory additions as allowed by law.

WHEREFORE, the United States requests that the Court:

A. Enter judgment on Count III of this complaint in favor of the United States and against Mary P. Atkins Boe for $150,709.01 as of January 31, 2020, with interest and statutory additions that have accrued and will continue to accrue according to law; and

B. Grant the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper.

Dated: March 9, 2020                             Respectfully submitted,

*/s/ Gretchen Ellen Nygaard*
GRETCHEN ELLEN NYGAARD
D.C. Bar No. 1006292
Trial Attorney, Tax Division
Department of Justice
P.O. Box 7238, Ben Franklin Station
Telephone: 202-305-1672
Fax: 202-514-6770
Gretchen.E.Nygaard@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Robert Boe & Mary P. Atkins Boe

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Minnehaha County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gretchen Nygaard, PO Box 7238, Ben Franklin Station,
Washington, DC 20044
202-305-1672

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [X] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7401

Brief description of cause:
Suit to reduce to judgment federal income tax assessments

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 234,049.43

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 03/09/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Gretchen Ellen Nygaard

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE